## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN DASILVA, *et al*., | : | CIVIL NO.: 3:22-CV-00043 |
| | : | |
| Plaintiffs, | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| JIM PLISHKA, *et al*., | : | |
| | : | |
| Defendants. | : | |

## ORDER
March 29, 2022

Plaintiffs, Megan DaSilva and David DaSilva (the "DaSilvas") began this

action by filing a pro se complaint on January 10, 2022. *Doc. 1.*  In their complaint,

the DaSilvas generally allege that their neighbors have harassed and threatened

them on multiple occasions. *Id.*  Additionally, the DaSilvas claim that they have

reported these incidents to their local police department but have received no

meaningful assistance. *Id.*  The DaSilvas name Laura Plishka, Jim Plishka, and the

Lehman Township Police Department as defendants.  On March 16, 2022, the

Lehman Township Police Department filed a motion to dismiss the complaint with

a brief in support. *Docs 13*, *14.*  On March 21, 2022, Lauren Plishka and Jim

Plishka also filed a motion to dismiss the complaint with a brief in support. *Docs.*

*15*, *16.*

On March 28, 2022, during a telephonic status conference call with the parties, we informed the DaSilvas that they will be granted leave to amend their complaint within 30 days of this Order. Additionally, 28 U.S.C. § 1915(e)(2) permits us to review this complaint at any time to determine that:

> **(B) the action or appeal—**
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Given the liberal standard for leave to amend, and given that we frequently see complaints filed by parties representing themselves that fail to comply with the basic rules regarding pleadings, after setting forth some of those basic rules (with which the current complaint may or may not comply), we will grant the DaSilvas leave to file an amended complaint to attempt to correct any deficiencies with their compliance with these basic rules.

### Federal Rule of Civil Procedure 8.

The DaSilvas' complaint must comply with the pleading requirements of Fed. R. Civ. P. 8. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff

files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Nevertheless, a pro se complaint still must comply with the basic pleading requirements of Rule 8. Federal Rule of Civil Procedure 8 requires, among other things, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(a)(3). Rule 8 also requires that each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).

**Federal Rule of Civil Procedure 10.**

The complaint must also comply with Fed. R. Civ. P. 10, which provides, among other things, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

**Federal Rule of Civil Procedure 11.**

Every pleading and paper filed in federal court must also comply with Federal Rule of Civil Procedure 11(a), which provides that "[e]very pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Rule 11(a) also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

By signing a pleading, such as a complaint, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

4

extending, modifying, or reversing existing law or for
establishing new law;

(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or
discovery; and

(4) the denials of factual contentions are warranted on the
evidence or, if specifically so identified, are reasonably based
on belief or a lack of information.

Fed. R. Civ. P. 11(b).  And a party who violates Rule 11(b) may be subject to

sanctions. *See* Fed. R. Civ. P. 11(c).

### Federal Rules of Civil Procedure 18 and 20.

Federal Rule of Civil Procedure 18 provides, in pertinent part, that "[a] party

asserting a claim . . . may join, as independent or alternative claims, as many

claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  "Thus, when an

action involves only one defendant, a plaintiff may assert every claim he has

against that defendant, regardless of whether the claims are factually or legally

related to one another, subject only to the limits of federal subject-matter

jurisdiction." *Folk v. Bureau of Prisons*, No. 3:18-CV-2252, 2021 WL 922065, at

\*2 (M.D. Pa. Mar. 10, 2021), *aff'd on other grounds*, No. 21-1543, 2021 WL

3521143, at \*4 (3d Cir. Aug. 11, 2021).

But "[w]hen a plaintiff seeks to assert claims against *multiple* defendants,

Rule 20 also comes into play." *Id*. (italics in original).  "For courts applying Rule

20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)). Still, the liberal policy of joinder under Rule 20 does not mean that unrelated claims against multiple defendants can be joined in one action. Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied, and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking *all* defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact." *Folk*, 2021 WL 922065, at *2 (italics in original). "That is, there must be at least one common claim against all named defendants." *Id.*

**42 U.S.C. § 1983.**

We note the following regarding actions brought under 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.1998)). The Supreme Court has established several approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002).

The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).  "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

Further, liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior*[1] cannot form the basis of liability. *Jutrowski v. Twp. of*

---

[1] "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.*, 629 F.3d

*Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008).  Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### Claims Against a Police Department.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that local governments are "persons" and are subject to suit under §1983. Following *Monell*, courts have concluded that a police Department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, they have held that while a municipality may be liable under § 1983, a police department, as a mere sub-unit

---

121, 128 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 692 (1978)).

of the municipality, may not. *Id.*  Similarly, judges within this district have

concluded that a police department, such as the defendant here, is merely a subunit

of the local government and is not, itself, amenable to suit under § 1983. *See e.g.*

*Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D. Pa.

2008) (Conner, J.) ("It is well-settled that police departments operated by

municipalities are not "persons" amenable to suit under § 1983."); *Holland v.*

*Pocono Regional Police* Department, 3:13-CV-1406, 2013 WL 3973080, at *13

(M.D. Pa. July 31, 2013) (Carlson, M.J.) (report and recommendation citing cases

holding that a police department is not a "person" for purposes of § 1983 and,

therefore, is not a proper defendant in a § 1983 action), report and recommendation

adopted, 2013 WL 3973080 at *1 (Mariani, J.); *Golya v. Golya* No. 3:05-CV-0100,

2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007) (Vanaskie, J.).  Further,

although we are not aware of a precedential opinion by the Third Circuit on this

point, in a non-precedential opinion, the Third Circuit reached the same

conclusion. *See Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n. 3 (3d

Cir. 2005) (per curiam).  Following this authority, the Lehman Township Police

Department is not a proper defendant in this case.

  To the extent that the DaSilvas intended to name Lehman Township itself as

a defendant, a municipality cannot be held liable for the unconstitutional acts of its

employees on a theory of *respondeat superior*. *Monell,* 436 U.S.at 691.  To state a

claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir. 2000).

As mentioned above, we will give the DaSilvas leave to file an amended complaint to attempt to correct any deficiencies with their compliance with the basic rules set forth above.[2]  Accordingly, **IT IS ORDERED** that the DaSilvas be **GRANTED** leave to file an amended complaint within 30 days of the date of this Order, or in other words, by **April 28, 2022**.  If the DaSilvas fail to file an amended complaint, we will recommend granting the pending motions to dismiss their complaint.


*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[2]  Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*.  "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d 82.  "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*.  In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.